UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| MELISSA WALLER,   § | |
|      *Plaintiff,*   § | |
| v.   § | MO:23-CV-00121-DC-RCG |
|   § | |
| JET SPECIALTY, INC.,   § | |
|      *Defendant.*   § | |

### REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff Melissa Waller's Motion to Dismiss Defendant's Counterclaim under Rule 12(b)(6). (Doc. 51). This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the Parties' briefs and the case law, the Court **RECOMMENDS** Plaintiff's Motion to Dismiss be **GRANTED**. (Doc. 51).

### I.  BACKGROUND

This is an employment discrimination case. Plaintiff Melissa Waller ("Plaintiff") worked as an oil field delivery driver at Defendant Jet Specialty, Inc.'s ("Defendant") Midland location. (Doc. 27 at 3). In her Second Amended Complaint, Plaintiff asserted causes of action for sexual harassment via a hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964 and the Texas Labor Code, as well as a violation of the Equal Pay Act. *Id*. On May 1, 2024, Defendant filed a Motion to Dismiss each of Plaintiff's claims. (Doc. 30). On October 24, 2024, Plaintiff filed a Stipulation of Dismissal with Prejudice as to her Equal Pay Act claim. (Doc. 43). The Magistrate Judge then issued a Report and Recommendation granting in part Defendant's Motion to Dismiss, leaving Plaintiff with causes of action for retaliation under Title VII and the Texas Commission on Human Rights Act ("TCHRA"). (Doc. 46 at 20). With no

objections filed, the Court adopted the Report and Recommendation and ordered Defendant to answer. (Docs. 47, 48).

On December 18, 2024, Defendant filed its Answer to Plaintiff's Second Amended Complaint, which included a counterclaim. (Doc. 49 at 8). It provides, "Defendant seeks its attorney's fees, expert witness expenses, and other costs from Plaintiff as provided under Title VII (via 42 U.S.C. § 1988) and the TCHRA, through trial and any appeal." *Id*. On January 6, 2025, Plaintiff filed the instant Motion to Dismiss Defendant's Counterclaim for failure to state a claim under Rule 12(b)(6). (Doc. 51). Defendant and Plaintiff timely filed their respective Response and Reply. (Docs. 56, 58). Consequently, this matter is ready for disposition.

## II.   LEGAL STANDARD

The Court applies the same test to a motion to dismiss a counterclaim as it does to a motion to dismiss a complaint. Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587,

602 (N.D. Tex. 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

### III. DISCUSSION

In its counterclaim, "Defendant seeks its attorney's fees, expert witness expenses, and other costs from Plaintiff as provided under Title VII (via 42 U.S.C. § 1988) and the TCHRA, through trial and any appeal." (Doc. 49 at 8). Section 1988(b) provides, "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of

1964, or section 12361 of Title 34, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee. . . ." 42 U.S.C. § 1988(b) (emphasis added). The Court begins by noting Title VII is not listed within this statute. This is because Title VII has its own fee-shifting provision—42 U.S.C. § 2000e-5(k)—which reads, "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs. . . ." *See, e.g.*, *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016) (reviewing an award of attorney fees for a prevailing party under Title VII pursuant to 42 U.S.C. § 2000e-5(k)); *Sanchez v. City of Austin*, 774 F.3d 873, 880 (5th Cir. 2014) (noting Title VII has a "nearly identical fee provision" as 42 U.S.C. § 1988(b)); *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 715 (5th Cir. 1974), *overruled on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989) (reviewing the reasonableness of a district court's award of attorney fees and costs pursuant to Section 706(k) of Title VII of the Civil Rights Act of 1964). While neither Parties' counsel recognized this error, the Court will address the instant Motion regarding Defendant's counterclaim as it relates to the attorney fee provision under Title VII. *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758 n.2 (1989) (noting 42 U.S.C. § 2000e-5(k) is "substantially the same" as 42 U.S.C. § 1988(b)). Further, because the fee provision under the TCHRA is nearly identical to that of Title VII, the Court will undertake them together. TEX. LAB. CODE § 21.259(a); *see El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012) ("The remedies provided under the TCHRA mirror those available under Title VII of the Civil Rights Act of 1964. . . . Although state procedural rules govern the determination of attorney fees in a suit brought under state law, Texas courts have looked to federal law in applying our own statute, including section 21.259(a) of the TCHRA, which provides for an award of attorney fees to the prevailing party as part of the costs.").

Admittedly, the Court cannot decipher what Defendant's end goal is here. At first blush, it appeared Defendant simply included its counterclaim for attorney fees in an effort to provide Plaintiff notice it would seek fees after the entry of judgment. As the Fifth Circuit—and recently, our sister court—has found, a party may be required "to put its adversaries on notice that attorneys' fees are at issue in a timely fashion or waive that claim. This is accomplished by specifically pleading for attorneys' fees. . . ." *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765 (5th Cir. 1996); *Thornton Ranch, LLC v. Continental Res., Inc.*, No. 23-CV-00022, 2024 WL 3404659, at *9 (W.D. Tex. July 10, 2024), *superseded on other grounds*, 2025 WL 383164 (W.D. Tex. Jan. 7, 2025). Here, the Court questions whether Defendant intends to provide notice. It pleads a counterclaim for attorney fees without anything more, which, to the Court, seems more appropriate in a "Prayer" or "Request for Relief" section. But, quite frankly, the outcome remains the same—Plaintiff is on notice Defendant may be filing a motion under Federal Rule of Civil Procedure 54(d) after the entry of judgment.

However, reading between the lines of Defendant's Response, the Court is inclined to believe Defendant is attempting to recover attorney fees on Plaintiff's previously-dismissed causes of action before the final disposition of the case. (*See* Doc. 56 at 1) ("Rather, because Plaintiff contends attorney's fees constitute a 'remedy' as opposed to a 'standalone claim,' Plaintiff implores the Court to unnecessarily kick the proverbial can down the road on Jet's counterclaim until the complete disposition of Plaintiff's singular claim left at issue."). If this is the case, the Court must side with Plaintiff as Defendant has failed to state a claim for which relief may be granted. Under Rule 54, Parties are required to move for attorney fees after the entry of judgment. FED. R. CIV. P. 54(d)(2)(A)–(B) ("Unless a statute or a court order provides otherwise, the motion must: . . . specify the judgment. . . ."); *United Indus., Inc.*, 91 F.3d at 766

5

("A party seeking attorneys' fees must make a timely Rule 54(d)(2)(B) motion unless it falls under a 54(d) exception."). As Defendant has not shown an exception applies here, the Court declines to entertain the idea of awarding attorney fees prior to the entry of final judgment. Instead, as Plaintiff agrees, Defendant has a right to file a post-judgment motion for fees and costs under Rule 54(d).

Because the Court finds Plaintiff is sufficiently on notice that Defendant intends to seek attorney fees and costs post-judgment, Defendant's counterclaim serves no purpose within its Answer. In the alternative, Defendant requests leave to amend its counterclaim to provide additional factual allegations supporting its entitlement to attorney fees. (Doc. 56 at 2). The Court finds this request unnecessary and futile. For a district court to award attorney fees to a prevailing defendant in a Title VII case, it must make a finding that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). Defendant can make such an argument in its post-judgment motion, if it so pleases. Thus, the Court **RECOMMENDS** that Plaintiff's Motion to Dismiss be **GRANTED** (Doc. 51) and Defendant's request for leave to amend be **DENIED**.

## IV. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's Motion to Dismiss be **GRANTED**. (Doc. 51). The Court further **RECOMMENDS** Defendant's request for leave to amend his counterclaim be **DENIED**.

SIGNED this 26th day of June, 2025.

                                                RONALD C. GRIFFIN
                                                UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party *has not been served* by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).