# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **MELISSA WALLER,**<br>*Plaintiff,* | § § § | |
| **v.** | § § § | **MO:23-CV-00121-DC** |
| **JET SPECIALTY, INC.,**<br>*Defendant.* | § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

BEFORE THE COURT is the report and recommendation from United States Magistrate Ronald C. Griffin (Doc. 67) concerning Plaintiff Melissa Waller's Motion to Dismiss Defendant's Counterclaim under Rule 12(b)(6) (Doc. 51). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Magistrate Judge Griffin issued his report and recommendation on June 26, 2025 (Doc. 67). As of the date of this Order, neither party has filed objections.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy and, in doing so, secure *de novo* review by the district court. When no objections are timely filed, a district court reviews the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because no party has filed timely objections, the Court reviews the Report and Recommendation for clear error, finding none.

In summary, the Report recommends this Court grant Plaintiff's Motion to Dismiss (Doc. 51), which argues that Defendant's counterclaim for attorney fees is premature and improperly filed. Specifically, Plaintiff argues that the proper vehicle to ask for such fees is as a post-judgment remedy, not a separate cause of action. The Court generally agrees. While some statutory schemes encourage a separate claim for fees, Title VII and the Texas Commission on Human Rights Act are not among them.

But even more troubling than the form of Defendant's request is its timing. If Defendant is truly asking this Court to bypass general procedure and award it attorney fees at this specific juncture, then that is, to put it plainly, a head-scratcher. The request is premature and procedurally improper. This is not a Six Flags, and no Fast Passes are for sale. Litigants cannot skip the line to collect fees before the case is resolved. There's a process for seeking that relief, and Defendant, like everyone else, must wait its turn to see if it is entitled to any such fees at all.

So, though the Court sees no inherent problem with Defendant's decision to frame its request as a counterclaim, because the Magistrate recommended—and more importantly, because Defendant did not object—this Court **ADOPTS** the Report and Recommendation (Doc. 67) dismissing Defendant's counterclaim for attorney fees. Defendant may return to the Court with its request at the appropriate time. Plaintiff's Motion to Dismiss (Doc. 51) is therefore **GRANTED**. Additionally, Defendant's plea to amend its counterclaim (Doc. 56) is **DENIED**.

It is so **ORDERED**.

SIGNED this 17th day of July 2025.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE